IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMILIO PUENTES SERESEROZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:16-CV-2249-C-BK |
| | § | |
| RAYMONDO SERESEROZ, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. In August 2016, Plaintiff filed a *pro se*, fee-paid complaint against Defendants. For the reasons that follow, this case should be dismissed *sua sponte* without prejudice for lack of subject matter jurisdiction.

**I. BACKGROUND**

The complaint concerns a dispute relating to real property between Plaintiff and various family members following the probate of his mother's will. Doc. 3 at 1-3. In response to the Court's briefing order regarding subject matter jurisdiction, Plaintiff contends that he is complaining about the fact that the executor of his mother's will committed fraud by selling certain property and then having him evicted from it. Doc. 7 at 2-4. He seeks $50,000.00 in damages and alleges on the Civil Cover Sheet that he is suing under 42 U.S.C. § 1983 for violation of his due process rights. Doc. 7 at 4, 6.

**II. ANALYSIS**

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and the matter in controversy exceeds

$75,000.00, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. RULE CIV. PROC. 8(e) ("Pleadings must be construed so as to do justice").  Even under this most liberal construction, Plaintiff has not alleged facts that could be construed to state federal question or diversity jurisdiction.

The amended complaint does not present any federal cause of action.  Rather, Plaintiff asserts only probate-related claims against family members.  Doc. 3; Doc. 7.  His attempt to sue for violations of his civil rights cannot succeed because such claims cannot be brought against private parties.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'") (some quotations omitted).  Additionally, neither the original nor the amended complaint pleads that the parties are citizens of different states and that the amount in controversy exceeds $75,000.00.  Thus, Plaintiff cannot rely on diversity jurisdiction.  Doc. 3; Doc. 9.  Therefore, this action should be dismissed *sua sponte* without prejudice for lack of subject matter jurisdiction.[1]

---

[1] Since the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's state claim if any.  *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are

2

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly establish a lack of complete diversity among the parties and no federal question jurisdiction. Thus, granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on August 18, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE