IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EMILIO PUENTES SERESEROZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RAYMONDO SERESEROZ, et al., | ) |
| | ) |
| Defendants. | ) Civil Action No. 3:16-CV-2249-C |

## ORDER

In the Findings, Conclusions and Recommendation filed August 8, 2016, the Magistrate Judge recommended that the Court dismiss Plaintiff's complaint without prejudice for lack of subject matter jurisdiction. Plaintiff failed to file a timely objection to the Findings, Conclusions and Recommendation.

After reviewing the well-reasoned Findings, Conclusions and Recommendation for plain error, the Court finds that the findings and conclusions of the Magistrate Judge are correct and adopts them as the findings and conclusions of the Court.

Accordingly, the complaint is **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

Plaintiff has also filed a "Motion to Remand." However, this lawsuit was not removed from state court and was filed originally in this Court. Thus, the Court lacks any authority to "remand" the claims to state court as requested by Plaintiff. *See McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 429 (3d Cir. 1983) ("Since [plaintiff's] action was not initially removed from

state court, [remand] is inapplicable."); 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a state court . . . may be removed by the defendant or defendants. . . ."); 28 U.S.C. § 1447 (titled "procedure after removal generally"). Here there was no removal on which to base a remand. As such, the Motion to Remand is **DENIED AS MOOT**.[1]

SO ORDERED this 7th day of December, 2016.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is directed to Texas Civil Practice and Remedies Code § 16.064, which provides Plaintiff 60 days to re-file his claims in a court of competent jurisdiction without suffering any effects of an expiration of limitations, if applicable.